BRADY v. ERLANGER.  (No. 6265.)

(Supreme Court, Appellate Division, First Department.  November 20, 1914.)

1. JOINT ADVENTURES (§ 2\*)—CONSTRUCTION OF CONTRACT.
    Where plaintiff and defendant, as joint adventurers, leased a theater
    under an agreement that they should divide profits, they remained joint
    adventurers, notwithstanding defendant, to carry on the theater, created
    a corporation in which he and his employés held all the stock, where
    plaintiff, though he knew of the corporation, held no stock and received
    no dividends.
    [Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. § 2; Dec.
    Dig. § 2.\*]

2. ACCOUNT (§ 16\*)—NECESSARY PARTIES.
    Where plaintiff and defendant jointly leased a theater under an agree-
    ment that they should share profits, and plaintiff assigned part of his
    interest in the venture, his failure to make his assignee a party will not
    deprive him of the right to an accounting, on the theory that his assignee
    was a necessary party, for he could be brought in, even after judgment.
    [Ed. Note.—For other cases, see Account, Cent. Dig. §§ 74–76; Dec.
    Dig. § 16.\*]

3. JOINT ADVENTURES (§ 4\*)—DUTIES OF JOINT ADVENTURERS.
    Where plaintiff and defendant jointly leased a theater under an agree-
    ment that they should divide the profits, and the business was left under
    the control of defendant, defendant is bound to act for the benefit of both.
    [Ed. Note.—For other cases, see Joint Adventures, Cent. Dig. §§ 3–6;
    Dec. Dig. § 4.\*]

4. APPEAL AND ERROR (§ 1177\*)—DETERMINATION—REVERSING JUDGMENT.
    In an action where one joint adventurer was improperly denied an ac-
    counting, the judgment will be reversed, with directions to grant an ac-
    counting without a new trial; it appearing that the action was thoroughly
    tried below as to the question of the right to an accounting, and that
    there was no probability of new evidence upon that issue.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–
    4604, 4606–4610; Dec. Dig. § 1177.\*]

Appeal from Trial Term, New York County.

Action by William A. Brady against Abraham L. Erlanger.  From
a judgment dismissing the complaint, plaintiff appeals.  Reversed, and
judgment granted for plaintiff.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT,
DOWLING, and HOTCHKISS, JJ.

John B. Stanchfield, of New York City, for appellant.
David Gerber, of New York City, for respondent.

SCOTT, J.  In the year 1907 plaintiff and defendant embarked upon
a joint adventure, which involved the leasing for a term of years and
the management of a theater in the city of Chicago, known as the
Auditorium Theater.  There were no formal or written articles of
copartnership, but there seems to be no doubt that at the outset it was
understood that the parties were to have equal shares in the enter-
prise.  Later on each permitted other persons to share his interests.
The active management of the enterprise was left, apparently by tacit

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consent, in the hands of defendant. The lease of the theater was to run for ten years at an annual rent of $67,500, and it was stipulated that the lessees should furnish security to the extent of one year's rent. This security was given by a firm of which defendant was a member. In order to avoid personal responsibility upon the lease, defendant caused to be organized a corporation with a small capital to execute the lease and to carry on the theater. Besides defendant himself, all the incorporators, stockholders, and directors of this corporation were employés of defendant. The business was conducted from the office of the firm of which he was a member, by the employés of that firm. No stock of the corporation was ever issued to plaintiff.

[1] The judgment below proceeded upon the theory that, by mutual consent of the parties, the whole enterprise was turned over to the corporation thus formed, and that whatever right plaintiff had to a participation in the profits of the enterprise was through the corporation. This is not the effect of the evidence, nor was it the intention and understanding of the parties, as indicated by their course of business. Certain payments were made to plaintiff on account of profits made, but they were so paid, not as dividends upon any share in the company owned by him, but as payments on account of his interest as a partner with defendant in the joint enterprise. As has been said, none of the stock had been issued to him, but all of it which was issued (apparently not more than five shares) was issued to and held by defendant, or those whom he had selected to be directors of the corporation. It is clearly shown that defendant absolutely dominated and controlled the corporation.

The true state of affairs, as the evidence shows, was that defendant organized the Theater Corporation to take over his interest in the joint enterprise, and as a medium through which he could, with a minimum of risk to himself, carry on the theater as a business enterprise. There is nothing whatever in the evidence to indicate that it was ever understood or agreed that the Theater Corporation should take over or acquire plaintiff's interest in the joint adventure, or that plaintiff ever accepted that company as joint adventurer with him in place of defendant, or that he was consulted as to its organization. Undoubtedly he knew of the fact that such a company had been created, and that the lease of the theater was taken and the business conducted in its name; but this falls far short of acquiescence by him in the substitution of the company for co-joint adventurer in place of defendant. As between the original parties, it is quite clear that plaintiff and defendant remained co-joint adventurers to the end; the corporation acting as alter ego for defendant.

Under these circumstances, we consider that plaintiff is entitled to the accounting which he asks. His original share in the enterprise was one-half. There is, we think, a preponderance of evidence to establish the fact that plaintiff agreed, by acquiescence at least, that one Lederer, who was to manage the theater should receive 12½ per cent. of the profits, to be deducted from the 50 per cent. appertaining to plaintiff. This left 37½ per cent. payable to plaintiff, in which he admitted one Grismer to an equal participation with himself.

[2] It is objected that by reason of this interest Grismer should have been made a party to the action, in order to avoid any further claim on his part against defendant. It is not clear that the transaction with Grismer brought him in as a partner with defendant in the enterprise; but, even if he should be deemed to be a proper party to the action, the failure to join him does not lead to a dismissal of the complaint, because he can be brought in at any time, even after judgment upon a proper application.

[3] Defendant, through the corporation which he controlled, sold the lease of the theater without consultation with plaintiff and without his consent. He also caused the corporation to award and pay him a large sum out of the purchase price as commission for making the sale. He also, without consent of plaintiff, entered into an agreement, apparently for a large consideration, whereby the theater was excluded from presenting a certain class of theatrical performances. It is alleged that this was an improvident act, .so far as concerns the joint adventure, and induced by consideration of advantage to defendant, but not advantageous to plaintiff.

As to all these matters, as well as to the profits made before the sale of the lease, plaintiff is entitled to an accounting, upon which defendant, having assumed to act without consent of plaintiff in the sale of the lease, the compensation to be paid himself, and the agreement as to the class of performances to be produced, will be called upon to justify these acts by showing that in what he did, or procured to be done, he acted in good faith in the interest of himself and plaintiff as joint adventurers.

[4] The case was very thoroughly tried, and there seems to be no probability that there is any evidence bearing upon the questions at issue which was not brought out. Nothing would be gained, therefore, by putting the parties to the expense and delay of a new trial, and an appropriate case is presented for disposition by this court.

The judgment appealed from will be reversed, with costs and disbursements to appellant in all courts, and an interlocutory judgment granted for an accounting. A decision containing findings of fact and conclusions of law, and an interlocutory judgment, may be presented to be settled on notice. All concur.

