L. Barron Hill, J.
The plaintiff is the assignee of one Thomas Be. Plaintiff has brought this action to require the individual defendants to return to the defendant corporation all the cash proceeds obtained from the sale of a certain parcel of real property, legal title to which was in the name of the corporation at the time of sale. Plaintiff also requests that the corporation issue to him the shares of stock belonging, or to be issued, to the said Be.
The following facts were clearly established at the trial. Be, a builder, secured a contract of sale on a parcel of real property. As a down payment, he gave a post-dated check. Be never deposited funds to cover this check and it “ bounced ”. He was never alone able to secure the money necessary to close title on the contract; he thereupon enlisted the defendants Strohson and Fisher to aid him in purchasing the property. Strohson and Fisher agreed with Be to obtain the necessary financing to purchase the property and did.
It is alleged in the complaint and was proved at the. trial that Strohson and Fisher formed the defendant corporation to be used for the purpose of holding title to the real property. Be was made the president, Strohson, secretary, and Fisher, treasurer.
The incorporators were “ dummies ” and apparently no corporate meetings were held and no stock issued to Be, Strohson, Fisher or the financial backers.
As agreed by Be, Strohson and Fisher, Be assigned his contract to the corporation and title was taken in the name of the corporation. The purchase price was paid by corporate check from funds deposited to the corporate account by Strohson and Fisher. These funds were obtained by them from individuals who were mailing an investment. Although some money was advanced by Strohson, at the closing, he was immediately repaid so that actually neither Be, Strohson nor Fisher contributed any money for the purchase of the property.
Almost immediately a purchaser was found and the premises were resold at a profit of approximately $14,000. Be was not present at the closing, but he testified at the trial that if *441 he had been present he would not have objected to the sale and, in fact, would have agreed to it.
Thereafter, Strohson and Fisher disbursed from the corporate account substantially all the proceeds of the sale. The backers were repaid their investment plus a share of the profits; Strohson and Fisher received legal and accountant’s fees plus a share of the profits amounting to $2,500 apiece and a third $2,500 was set aside for Be and is still held for him or the plaintiff.
Plaintiff maintains that the individual defendants had no authority to disburse corporate funds in such manner. He further contends that the money must be returned, stock issued, and the corporation carried on or dissolved according to law.
It is clear to me that, at all times, Be, Strohson and Fisher were operating as joint venturers, that the corporation was formed subsequent to the commencement of the joint venture merely as a conduit of title, and that there never was any intention on the part of Be, Strohson or Fisher to carry on their venture as stockholders in a corporation. It is very likely, under the facts as developed at the trial, that were this an action brought by a creditor of Be, Strohson or Fisher, the “ corporate veil ” would be “ pierced ”.
Under the facts alleged and proved, no stock could be issued to Be by the corporation. His only act was. to assign a contract to the corporation for which he had not paid one cent. Section 69 of the Stock Corporation Law specifies that corporate stock can be issued only 1 ‘ for money, labor done or property actually received for the use and lawful purposes of such corporation ”. Be only assigned a contract of sale for which he had paid nothing and which he could not have completed himself. He testified that he thought he was to receive stock for services he would perform for the corporation, but he never performed any such services. Concededly he cannot be given stock for services performed as a promoter of the corporation.
Be’s testimony clearly indicates that he believed he was in a joint venture with Strohson and Fisher. He testified that it was his understanding of his agreement with them that he was to receive 25% of the profit realized from the sale of the real property. This version of the agreement was not contradicted, and I find it to be the agreement between Strohson, Fisher and Be.
I further find that the facts bring the situation within Brady v. Erlanger (165 App. Div. 29), and is not controlled by Boag *442 v. Thompson (208 App. Div. 132). Therefore, I will not pass upon the rights of Re and his assignee, the plaintiff, in and to stock of the corporation.
I find judgment for the plaintiff against the individual defendants in the amount of 25% of the profit realized on the sale of the premises after deduction of all expenses. This amount can be determined by reference to the report of the accountant, placed in evidence, and if not agreed upon by the parties for entry in the judgment herein will be computed by the court. Interest will be payable only on that portion of the judgment that exceeds $2,500.
The foregoing opinion constitutes the decision of the court; proceed on notice.