Isidor Wasservogel, Spec. Ref.
Plaintiff seeks to have the defendant Vomvouras account to the" defendant International Marine Projects, Inc., for moneys allegedly taken by Vomvouras from such corporation. Plaintiff also seeks to compel the defendant bank to pay to the corporate defendant a sum equal to withdrawals made by Vomvouras from the corporate hank account and to enjoin the hank from permitting further withdrawals of corporate funds. The corporate defendant and Vomvouras have interposed counterclaims against plaintiff for damages and for a declaratory judgment determining that plaintiff has no right, title or interest in or to any shares of stock of International Marine Projects, Inc.
The record establishes that in the early part of 1957, plaintiff and Vomvouras agreed to form the defendant corporation, International Marine Projects, Inc. (hereinafter referred to as “ International ”) in which both were to be stockholders. On or about March 4, 1957, plaintiff and Vomvouras opened a corporate bank account for International at a branch of the defendant bank. A corporate resolution was filed with the bank which called for the signatures of both plaintiff and Vomvouras for *466 any withdrawal of funds. Although both of the individuals here involved were officers of International, the documentary evidence establishes that no stock was ever issued by International to either of them, nor were any entries made in the stock transfer books of the corporation.
Contrary to defendants’ contention, the credible testimony and documentary evidence clearly prove that plaintiff is entitled to at least 30% of the stock of International. It is significant, however', that plaintiff sues in his individual capacity and, although his complaint alleges that he is a stockholder and seeks an accounting by Vomvouras to International, on the trial of this action and in his brief submitted to the court after such trial, plaintiff asks for a money judgment in his individual capacity, on the ground that he and Vomvouras were joint venturers and, as such, Vomvouras allegedly breached his duty of fidelity and trust.
An examination of the pleadings indicates that no joint venture agreement has been pleaded in this action, nor was one established upon the trial. In any event, it is well-settled law in New York that a joint venture may not be carried on by individuals through a corporate form. The two methods of conducting a business, namely, a joint venture and a corporate entity are mutually exclusive and each is governed by a separate body of law. This' does not prevent two individuals from entering into an agreement of joint venture nor does it prohibit a corporation from being a party to such an agreement. The law in this State merely holds that when individuals determine to form a corporation, as was done in the instant action, they may not be, at one and the same time, stockholders and joint venturers, fiduciaries and nonfiduciaries, with and without personal liability (Weisman v. Awnair Corp., 3 N Y 2d 444, 449).
Inasmuch as it was not legally possible for plaintiff and Vomvouras to have carried on a joint venture through the instrumentality of International, no confidential or fiduciary relationship can be said to exist between these individual parties, nor is the equitable relief of an accounting available to plaintiff in his individual capacity (Weisman v. Awnair Corp., supra, p; 450; see, also, Brock v. Poor, 216 N. Y. 3-87, 401-410).
Plaintiff’s complaint, with respect to the defendant bank, is without merit. There is nothing in the record to warrant the conclusion that the bank wrongfully honored checks drawn on International’s account by Vomvouras. The evidence adduced upon the trial shows that the bank received amended resolutions duly certified by International’s officers and bearing the proper corporate seal. Subsequently, upon receipt of objections by *467 plaintiff, the bank required and received full documentary support of the corporate resolutions, including copies of International’s by-laws, meetings of stockholders and directors’ meetings and the legal opinion of counsel. Thereafter, the bank, acting on advice of its counsel, permitted withdrawals on the basis of the resolutions which International had caused to be filed with it.
In the opinion of the court, the bank’s conduct, as above described, fully complied with its duty as “ custodian ” of the corporate funds (Moch Co. v. Bryant Park Bank, 197 App. Div. 78). The defendant bank here undertook diligent inquiry upon receipt of plaintiff’s objections. The facts thereafter brought to the bank’s attention not only justified but required it to honor the corporate resolutions in its possession and to permit the withdrawal of corporate funds.
As to Vomvouras’ and International’s counterclaims, there is nothing in the record to support the allegations that plaintiff failed and refused to perform his duties or that he made false and fraudulent representations to Vomvouras in order to induce him to form International. Plaintiff’s “ expectations and hope ” of obtaining business for the corporate venture, which business ultimately did not materialize, is not sufficient basis for a claim of fraud.
Judgment, accordingly, is rendered in favor of the defendant bank dismissing the complaint upon the merits. As to the other defendants, plaintiff’s complaint is dismissed without prejudice to his right to institute a stockholder’s action or such other derivative suit as he may be advised. Defendants’ counterclaims are dismissed upon the merits.
No costs are awarded to any of the parties.
Submit decree within 10 days on three days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.