**HAROLD FROMKIN** et al., Appellants, v. **MERRALL REALTY INC.**, et al., Respondents, and **LAND & BUILDING INVESTORS, INC.**, Respondent-Appellant.— The agreement upon which this action is based was an oral one, claimed by plaintiffs to have been made between the plaintiff Fromkin and the defendants Schwartz and Ades, the holders of all the capital stock of the corporate plaintiff. It is also

claimed that subsequently defendant Arbeit orally assented to be a party to the agreement. Plaintiffs assert that the agreement provided that the land belonging to Merrall, which was immediately to the east of the hotel owned and operated by the corporate plaintiff, would not be sold without the unanimous consent of said four persons (Messrs. Fromkin, Schwartz, Ades and Arbeit), who were the holders of all the capital stock of Merrall, and that any deed given by Merrall in any sale of its said land would contain a restrictive covenant prohibiting its use as a hotel or motel as long as Fromkin, Schwartz and Ades should remain stockholders of the corporate plaintiff. The contract of sale in question was executed by defendant Schwartz in his capacity as president of Merrall. We find: (1) that it was a contract made in the regular course of Merrall's business as a real estate corporation; and (2) that the sale did not involve all or substantially all of its property or an integral part thereof essential to the conduct of its business. The sale embraced 37 of the 61 lots into which the land was subdivided on a certain map. It is an essential and established policy of the State of New York with respect to the affairs and transactions of a business corporation that contracts on behalf of such a corporation which are made in the regular course of its business, may validly be executed by the corporation's president (4 White, New York Corporations [12th ed.], § 60, pars. 40.03, 40.08, and authorities there cited). Even if it be assumed that the claimed agreement requiring the unanimous consent had been proved, such agreement would be in contravention of the said State policy. And, since such unanimous consent requirement was not set forth in Merrall's certificate of incorporation, as permitted by statute (Stock Corporation Law, § 9), it would be invalid and unenforcible in any event (*Benintendi* v. *Kenton Hotel*, 294 N. Y. 112; *Matter of Faehndrich*, 2 N Y 2d 468; *Long Park, Inc.*, v. *Trenton-New Brunswick Theatres Co.*, 297 N. Y. 174; *Tremsky* v. *Green*, 106 N. Y. S. 2d 572; see *Matter of Burkin* [*Katz*], 1 N Y 2d 570, 572). In this respect we are in accord with the trial court's determination (*Fromkin* v. *Merrall Realty*, 30 Misc 2d 288). We also approve the trial court's findings: (1) that plaintiffs failed to establish that such agreement was in fact made: and (2) that defendant L & B in good faith entered into the contract to purchase the said 37 lots, without knowledge of the claimed restrictive quadripartite agreement. The contention that plaintiffs are entitled to relief on the theory that defendants other than L & B owed a fiduciary obligation to plaintiffs because: (a) the enterprise pursuant to which Merrall was incorporated, the subject land bought, and the title thereto taken by Merrall, was a joint venture, and (b) defendant Schwartz was vice-president of the corporate plaintiff (he was also president, a director and stockholder of Merrall), may not be considered, since that theory was not alleged in the complaint, since the action was not tried on that theory, and since the defendants have objected to the propriety of its assertion for the first time on this appeal (*Rector, etc., Church of Holy Trinity* v. *Melish*, 4 A D 2d 256, 264–265, affd. 3 N Y 2d 476). In any event, the individual parties, having agreed to conduct the enterprise through the instrumentality of a corporation (defendant Merrall), a theory premised on a joint venture may not be pursued (*Weisman* v. *Awnair Corp. of America*, 3 N Y 2d 444). Cases such as *King* v. *Barnes* (109 N. Y. 267) are distinguishable (see *Boag* v. *Thompson*, 208 App. Div. 132; *Seigel* v. *Liebowitz*, 230 App. Div. 736). The case of *Macklem* v. *Marine Park Homes* (17 Misc 2d 439, affd. 8 A D 2d 824, affd. 8 N Y 2d 1076) and the case of *Brady* v. *Erlanger* (165 App. Div. 29) are also distinguishable, in that in *Macklem* a corporation was sued merely as an adjunct of a joint venture, and in *Brady* a corporation was used by only one of the joint venturers for the purpose of carrying out his individual part in the venture. Moreover, in view

of the facts that Fromkin, Schwartz and Ades were the holders of 90% of the capital stock of defendant Merrall; that these three individuals were the holders of all the capital stock of the corporate plaintiff; and that Schwartz was an officer of both corporations, as indeed Fromkin himself was, we conclude that Schwartz' execution of the contract of sale, as president of Merrall, was not a breach of any fiduciary obligation owed by Schwartz to plaintiffs. Merrall in 1956 had paid $82,350 for the 61 lots; and the sale in question, in 1959, was of 37 of the lots for $361,000. Beldock, P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur. [30 Misc 2d 288.]