VELVERAY CORPORATION, Respondent-Appellant, *v.* JOLO PLASTICS CORP., Appellant-Respondent.

First Department, June 27, 1963.

*Albert N. Proujansky* of counsel (*Kane, Kessler & Proujansky,* attorneys), for appellant-respondent.

*Arthur C. Kellman* of counsel (*Kellman & Weill,* attorneys), for respondent-appellant.

McNALLY, J.   Defendant appeals and plaintiff cross-appeals from the denial of their motions for summary judgment.   The complaint alleges two causes of action; the first for goods sold and delivered and the second for work, labor and services.

During October, 1959 defendant placed with plaintiff two orders for about 20,500 yards of piece goods.   The specified delivery date was the week of January 4, 1960.   The said orders provide, in part:

"12. MODIFICATION AND WAIVER:  This contract supersedes Buyer's manifold and contains the entire agreement between the parties.   There are no oral understandings, representations or agreements relating to this contract which are not fully expressed herein.   No alteration or modification shall be effective unless in writing and signed by the parties hereto.   Waiver by either party of any default shall not be deemed a waiver of any subsequent default.

"13. PASSING OF TITLE:  If shipping instructions are not received for goods or any installment before delivery date, title passes when goods are set aside and invoiced."

Owing to the unavailability of certain material required in the processing of defendant's orders, plaintiff orally requested and defendant orally consented to postponement of the delivery to a date subsequent to the week of January 4, 1960 to be selected by defendant and to suit its convenience.   Plaintiff completed the orders and invoiced the defendant therefor on January 27 and February 3, 1960.   Defendant was invoiced for 20,595 yards and the total sum of $9,679.65.   The invoices bear the legend "Hold" in the space set apart for details as to shipment.   The goods were set aside by plaintiff and held subject to shipping instructions from defendant.   On February 17, 1960 the goods were destroyed by fire at the plaintiff's plant.

Defendant, relying on section 33-c of the Personal Property Law, preliminarily argues the plaintiff may not depend on the orally modified delivery date.   Section 33-c applies to executory

modifications. Here the modification was executed and there-fore said section is inapplicable. (*Alcon* v. *Kinton Realty*, 2 A D 2d 454; *Radist* v. *Zidel*, 12 A D 2d 648.)

The remaining question is which of the parties is to bear the loss consequent on the destruction of the goods by fire? Under the express provisions of the sales contracts here involved, title passed to defendant "when goods are set aside and invoiced". Section 103 of the Personal Property Law provides, in substance, that the risk follows the title and under the unambiguous provisions of the sales contracts title passed to defendant when the goods were set aside and invoiced.

The second cause of action, for work performed on defendant's goods, presents no issue as to title and defendant concedes as much but affirms lack of knowledge as to whether the work was performed by plaintiff. Shipment of one half of the order was made the early part of February, 1960; the balance was stored pending shipping instructions from defendant. Plaintiff rendered an invoice on February 11, 1960 conveying the information that one half had been shipped and the balance was being held for shipping instructions. Defendant paid for the part shipped. The balance unpaid is $740.96. The said goods also were destroyed in the same fire.

Defendant has not adduced any factual basis for its denial of knowledge of the completion of the work by plaintiff. The goods destroyed were processed in the same fashion as the goods delivered. It would be economically unsound to engage in two separate operations when, as here, the same patterns were required to be printed by the plaintiff. Moreover, after the delivery of one half of the goods and the receipt of the invoice the defendant had a reasonable opportunity to verify whether the plaintiff had performed the work.

Plaintiff's cross motion for summary judgment should be granted as to the first cause of action in the sum of $9,679.65 and on the second cause of action in the sum of $752.36, with interest on said sums since the commencement of the action. The order should be modified accordingly, on the law, with costs to plaintiff-respondent-appellant, the entry of judgment stayed pending the determination of the counterclaim (Rules Civ. Prac., rule 113, subd. 5; *Nopco Chem. Co.* v. *Milner*, 12 A D 2d 942), and, as so modified, affirmed.

BREITEL, J. P., EAGER, STEUER and BASTOW, JJ., concur.

Plaintiff's cross motion for summary judgment granted as to the first cause of action in the sum of $9,679.65 and on the second cause of action in the sum of $752.36, with interest on

said sums since the commencement of the action. Order entered on January 14, 1963 unanimously modified accordingly, on the law, the entry of judgment stayed pending the determination of the counterclaim (Rules Civ. Prac., rule 113, subd. 5; *Nopco Chem. Co.* v. *Milner*, 12 A D 2d 942), and, as so modified, affirmed, with $20 costs and disbursements to plaintiff-respondent-appellant. Settle order on notice.