OPINION OF THE COURT
Bernard F. McCaffrey, J.
The prinicpal issue raised in this motion is whether Saunders, one of the third-party defendants, who had never guaranteed any liability of the corporation but did sign a stockholders’ agreement as of May 3, 1971, agreeing to provide the corporation with guarantees and indemnities for the obligations, may be held liable in contribution or partial indemnity to the two third-party plaintiffs, in respect of said third-party plaintiffs’ guarantees of an obligation of the corporation which was not created until September, 1974, approximately two and one-half years after the corporation had agreed to the transfer by Saunders of his stock to a Mr. Leider.
In the main action the plaintiff, as successor in interest to Franklin National Bank, seeks to recover the balance allegedly due and owing under certain guarantees and the promissory note on which the guarantees are based. On September 27, 1974, the note in question was executed by North- *375 wood Projects, Inc. (Northwood), while the guarantees were executed by the five individual defendants. Two of these five individuals have instituted a third-party action and seek to hold the third-party defendants liable, either on the theory of contribution, indemnity, or as joint venturers or partners, pursuant to the terms of a stockholders’ agreement dated May 3, 1971.
Saunders has moved to dismiss the third-party complaint as to him, pursuant to CPLR 3211 (subd [a], pars 1, 7; subd [c]).
The first and second causes of action of the third-party complaint seek to hold the third-party defendants, including Saunders, liable for contribution or indemnity with respect to the aforesaid promissory note, which was executed approximately two and one-half years after Saunders’ relationship with the corporation ceased. The third-party plaintiffs contend that Saunders was liable for any future indebtedness incurred by Northwood under the terms of paragraph 6 of the stockholders’ agreement, which provides: “Each of the Stockholders do hereby agree to execute any forms of guaranty or indemnity reasonably required in the operation, management and continuation of any business of the Company,, and to furnish such financial statements as are required from time to time and shall subordinate their loans as required.”
Saunders never executed any guarantee, and cannot now be deemed a cosurety or coguarantor with the third-party plaintiffs. There can be no contribution, since Saunders’ situation is not equal with the third-party plaintiffs who are guarantors of the subject note. (Asylum of St. Vincent de Paul v McGuire, 239 NY 375.) In any event, “The right to contribution is destroyed when the common liability upon which it is founded is terminated.” (10 NY Jur Contribution, § 3 p 465.) Since the common liability claimed by third-party plaintiffs is found in the stockholders’ agreement, Saunders was no longer bound after the sale and transfer of his share, with the acquiescence of the other shareholders, to a new shareholder (Leider) who assumed Saunders’ obligation under the stockholders’ agreement. (11 NY Jur, Corporations § 315, p 478.) The above-cited provisions of paragraph 6 of the stockholders’ agreement do not specify the duration of the stockholder’s obligation to provide the corporation with guarantees and indemnities. "Absent a fixed or determinable duration or an express provision that the duration is perpetual, the contract is terminable at will”. (Ketcham v Hall Syndicate, 37 Misc 2d *376 693, 699, affd 19 AD2d 611.) As stated in Cronk v Vogt’s Ice Cream (15 NYS2d 649, 654): "True it is that the parties could have stipulated for performance perpetually, but it is a sufficient answer that they did not do so, and that no such conclusion is ever warranted in the absence of clear and unequivocal language which compels it. (Williston on Contracts, § 38; Holt v. St. Louis Union Tr. Co., 4 Cir., 52 F 2d 1068, 1069).”
 There is no provision in the stockholders’ agreement which required that Saunders have a continuing obligation to execute guarantees with respect to corporate debts incurred after his relationship with the corporation and the other stockholders had been terminated. This court will not rewrite the agreement made by the parties. When Saunders was no longer a stockholder, his executory promise, under paragraph 6 of the stockholders’ agreement, to deliver guarantees and indemnities ceased. Since Saunders could derive no benefit from any projects of the corporation after he disposed of his stock to Leider, there was no longer any consideration for the continuation of the promise. (Cf. Haines v City of New York, 41 NY2d 769.) Subdivision 1 of section 15-301 of the General Obligations Law does not prevent the termination of an agreement as to Saunders by executed and completed acts and conduct manifesting such termination. (See 44 NY Jur, Novation, § 42; cf. Rose v Spa Realty Assoc., 42 NY2d 338; Velveray Corp. v Jolo Plastics Corp., 19 AD2d 69.) In view of the foregoing, the first and second causes of action in the third-party complaint are dismissed as to Saunders.
The third cause of action in the third-party complaint seeks a recovery on the basis of a joint venture or partnership. This cause of action has no merit, since the business was conducted in corporate form. It is, therefore, dismissed as being insufficient in law. As stated in Williamson v Rosenstein (237 NYS2d 21, 23): "Where partners or joint venturers form a corporation and carry on their business in a corporate form one may not have relief against the other on the basis of the existence of a partnership or joint venture relationship (Weisman v. Awnair Corp. of America, 3 N.Y. 2d 444 * * * Franklin v. Merrall Realty, Inc., 15 A.D. 2d 919 * * * Lovardos v. Vomvouras, 23 Misc. 2d 464).”
Accordingly, this motion by the third-party defendant, Saunders, is granted and the third-party complaint is dismissed as to him.