**Edward RONWIN, d/b/a Index Investments, Plaintiff,**

v.

**SMITH BARNEY, HARRIS UPHAM & CO., INC., and John Spaustat, Defendants.**

No. 8:CV92–00232.

United States District Court, D. Nebraska.

Oct. 29, 1992.

Missouri law should control. This is a false conflict of laws, however, because the decision to apply Missouri or California law would not alter the outcome of these motions.

Edward Ronwin, pro se.

Kathleen M. Quinn, Kutak Rock & Campbell, Omaha, Neb., for defendants.

## MEMORANDUM AND ORDER

CAMBRIDGE, District Judge.

THIS MATTER is before the Court on the defendants' motion to dismiss and to strike (Filing No. 13). For the reasons set out below, this action will be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim.

The plaintiff in this action, Edward Ronwin, doing business as Index Investments, alleges (Filing No. 1) that he had sought to open a securities account with defendant Smith Barney, Harris Upham & Co., Inc.; defendant John Spaustat is and was, at all times relevant, resident manager of Smith Barney's Omaha office. Ronwin alleges that he was initially permitted to open a cash account without signing an agreement containing a predispute arbitration agreement, but that Smith Barney later determined that it would not permit him to have an account without such an arbitration agreement and returned his money. Ronwin further alleges that he was damaged by the defendants' refusal to do business with him on his terms. He seeks to recover compensatory and punitive damages and attorney fees, as well as injunctive relief.

Jurisdiction is asserted upon the bases of the existence of a federal question (28 U.S.C. § 1331), diversity of citizenship (28 U.S.C. § 1332), commerce and antitrust regulations (28 U.S.C. § 1337), upon supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and upon the Securities Act of 1933 (15 U.S.C. § 77v) and the Securities Exchange Act of 1934 (15 U.S.C. § 78aa).

The standards for dismissal pursuant to Rule 12(b)(6) are well established. In considering a motion to dismiss under

F.R.Civ.P. 12(b)(6), the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) (footnote omitted). "Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes some insuperable bar to relief." *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978), *cert. denied*, 439 U.S. 1070, 99 S.Ct. 839, 59 L.Ed.2d 35 (1979).

The Court finds this to be such a case.

█ In the first count of his complaint, Ronwin asserts that the defendants' insistence that he agree to the predispute arbitration clause as a condition of doing business with Smith Barney constitutes an attempt to impose an unenforceable contract of adhesion. He accordingly seeks to have Smith Barney enjoined from requiring such clauses as a prerequisite for accepting accounts, and seeks unspecified compensatory and punitive damages, as well as attorney fees and costs.

This count of the plaintiff's complaint rests upon an erroneous presumption and must therefore be dismissed. The defendants do not deny, and this Court finds, that the contract in question is a contract of adhesion. Such contracts may be said to exist where, as here, a standardized form of agreement, drafted by the party with superior bargaining power, is presented to a party on a take it or leave it basis. As the plaintiff points out, and the defendants do not dispute, insistence upon such predispute arbitration clauses are an industry-wide practice.

However, the mere fact that a contract falls under the rubric of the adhesion doctrine does not make it unenforceable. *See, e.g., Webb v. R. Rowland & Co.*, 800 F.2d 803, 807 (8th Cir.1986) ("The use of a standard form contract between two parties of admittedly unequal bargaining power does not invalidate an otherwise valid contractual provision. To be invalid, the provision at issue must be unconscionable"). *See also Finkle and Ross v. A.G. Becker Paribas, Inc.*, 622 F.Supp. 1505, 1512 (S.D.N.Y.1985) (holding that such contracts may be considered contracts of adhesion but are nonetheless enforceable in the absence of a showing of "unfairness, undue oppression or unconscionability").

Ronwin has made no allegation of unconscionability separate from that the general assertion that the predispute arbitration clause is a contract of adhesion, and the apparent, albeit erroneous, presumption that all such clauses are inherently unconscionable. Count I of the complaint must accordingly be dismissed for failure to state a claim.

█ In Count II of his complaint, Ronwin alleges that the defendants' insistence upon the predispute arbitration clause was an attempt to impose a condition that violates § 14 of the Securities Act of 1933 (15 U.S.C. § 77n) and § 29(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78cc). Each of those provisions forbids the imposition of "any condition, stipulation or provision binding any person to waive compliance with any provision [of the respective Acts]". Ronwin asserts that the predispute arbitration clause falls within those proscriptions. In this Count, Ronwin seeks compensatory and punitive damages, injunctive relief, and an award of attorney fees and costs.

The essence of Ronwin's contention is that these Acts, at § 22 of the Securities Act of 1933 (15 U.S.C. § 77v) and at § 27 of the Securities Exchange Act of 1934 (15 U.S.C. § 78aa), vest exclusive jurisdiction for violations of the respective Acts in the district courts of the United States; the predispute arbitration clause, Ronwin argues, constitutes a waiver of compliance with those respective provisions.

This argument, in the context of the Securities Exchange Act of 1934, was considered and rejected by the Supreme Court of the United States in *Shearson/American*

*Express Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). In *McMahon* the Court reasoned that

The McMahons contend that an agreement to waive this jurisdictional provision is unenforceable because § 29(a) voids the waiver of "any provision" of the Exchange Act. The language of § 29(a), however, does not reach so far. What the antiwaiver provision of § 29(a) forbids is enforcement of agreements to waive "compliance" with the provisions of the statute. But § 27 itself does not impose any duty with which persons trading in securities must "comply." By its terms, § 29(a) only prohibits waiver of the substantive obligations imposed by the Exchange Act. Because § 27 does not impose any statutory duties, its waiver does not constitute a waiver of "compliance with any provision" of the Exchange Act under § 29(a).

482 U.S. at 228, 107 S.Ct. at 2338. The Supreme Court expressly adapted that same reasoning to the Securities Act of 1933 in *Rodriguez de Quijas v. Shearson/American Express,* 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). The predispute arbitration clause insisted upon by the defendants simply does not contravene the respective Acts; Count II of Ronwin's complaint must accordingly be dismissed for failure to state a claim.

The two remaining Counts of the plaintiff's complaint are based upon common law claims of breach of contract and breach of fiduciary duties. Having dismissed the Counts of the plaintiff's complaint which would have established jurisdiction on the basis of a federal question, securities laws or antitrust laws, or which would have provided a basis for supplemental jurisdiction, the Court must face the question of whether diversity jurisdiction remains pursuant to 28 U.S.C. § 1332. As further explained below, the Court finds that it does.

 The burden of proof on a Rule 12(b)(1) motion is upon the party asserting jurisdiction. *Estate of Blakely v. Asbestos Corp.,* 766 F.Supp. 721 (E.D.Ark.1991); 12 Wright and Miller, *Federal Practice & Procedure,* § 1350 (1990). Ronwin has

clearly pled diversity among the parties (Filing No. 1 at ¶¶ II, III and IV), but has pled damages only "in an amount to be determined at trial" (Filing No. 1 at ¶¶ XVIII, XXI, XXIV, and the prayer for relief). Although the Court has serious doubts that the plaintiff would recover an amount in excess of § 1332's $50,000 amount in controversy requirement, the Court is also cognizant that "the claim is deemed to have been made in good faith so long as it is not clear to a legal certainty that the claimant could not recover a judgment exceeding the jurisdictional amount." *Id.* at 231. Accordingly, the Court holds that diversity jurisdiction exists.

 Nonetheless, the Court further finds that these remaining two counts should be dismissed for failure to state a claim. Count III is a breach of contract claim in which Ronwin alleges that Smith Barney's refusal to permit Ronwin to participate in an account without a predispute arbitration agreement constituted a breach of the agreement for a cash account. However, it is uncontroverted that Smith Barney returned Ronwin's funds and the account was closed. *See, e.g.,* Complaint (Filing No. 1) at ¶ XV. Assuming *arguendo* that a contract had existed, Smith Barney clearly had the right to end the contract in the manner it did. "The general rule is that contracts having no fixed term are terminable at will by either party." *Martin v. Equitable Life Assurance Soc. of the United States,* 553 F.2d 573, 574 (8th Cir.1977); *See also Federal Deposit Insurance Corp. v. Northwood Projects, Inc.,* 95 Misc.2d 373, 407 N.Y.S.2d 424 (1978) and *Muller Enterprises v. Samuel Gerber, Advertising Agency, Inc.,* 182 Neb. 261, 153 N.W.2d 920 (8th Cir.1967). Again, the plaintiff has failed to state a claim upon which relief could be granted.

Ronwin's fourth and final Count is premised upon an alleged breach of fiduciary duty. Assuming *arguendo* that a fiduciary relationship existed, Ronwin has simply failed, for the reasons described above, to allege any circumstances that could conceivably constitute a breach of any fiduciary duty. This Count, like the others, must

be dismissed for failure to state a claim. Accordingly,

(1) the motion on to dismiss (Filing No. 13) is granted;

(2) the plaintiff's motion for partial summary judgment (Filing No. 21) is denied as moot; and

(3) an Order of Dismissal consistent with this Memorandum and Order will be entered this date.

### ENTRY OF JUDGMENT

In accordance with the Order entered this date,

IT IS ORDERED that this matter is dismissed.