ABBOTT v. HARBESON TEXTILE CO. et al. (No. 5766.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

1. PLEADING (§ 48*)—COMPLAINT—SUFFICIENCY.

Under the direct provisions of Code Civ. Proc. § 481, subd. 2, the complaint should contain a plain and concise statement of the facts constituting the cause of action, and to do so should show whether equitable or legal relief is desired.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 105, 106; Dec. Dig. § 48.*]

2. CORPORATIONS (§ 211*)—ACTIONS—STOCKHOLDER'S ACTION.

A stockholder cannot sue on behalf of the corporation unless he alleges demand has been made upon the officers to bring the action, or that if such demand would have been fruitless.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 814–818, 820, 821, 823, 824; Dec. Dig. § 211.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. CORPORATIONS (§ 553*)—STOCKHOLDERS—APPOINTMENT OF RECEIVER.

Unless the assets of a corporation have been or are being wasted, or it is insolvent or in danger of becoming so, a receiver will not be appointed nor a distribution of the assets directed.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2201–2216; Dec. Dig. § 553.*]

4. CORPORATIONS (§ 189*)—STOCKHOLDERS—RIGHT TO ACCOUNTING.

Where the directors of a corporation wrongfully removed plaintiff from the office of director and vice president, he is not entitled as a stockholder to an accounting, where the directors had not refused to pay him his share of the profits, or apply such profits to the payment of stock which he had purchased under an agreement that the purchase price should be paid with the dividends.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 706–722; Dec. Dig. § 189.*]

5. CORPORATIONS (§ 281*)—OFFICERS—RIGHT TO DETERMINE.

It is within the province of the directors of a corporation to determine who shall act as officers.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1187, 1188; Dec. Dig. § 281.*]

6. CORPORATIONS (§ 316*)—OFFICERS—AGREEMENTS.

An agreement between the officers of a corporation that each should have a salary for a term of years, and that the profits should be distributed in a certain way, irrespective of the amount of stock held by them, is void as against public policy, being an attempt upon the part of the stockholders to use the corporation for their special benefit, and not that of the stockholders; and hence, as the management of the corporation is committed to the directors, an officer cannot complain that they did not follow such agreement.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1401, 1402, 1404–1406, 1408, 1409, 1412–1414; Dec. Dig. § 316.*]

Appeal from Special Term, New York County.

Action by James C. Abbott against the Harbeson Textile Company and others. From a judgment overruling demurrers to the complaint, defendants appeal. Judgment reversed, and demurrers sustained, with leave to plaintiff to amend.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

H. Gerald Chapin, of New York City, for appellant the Harbeson Textile Co.

Harry B. Bradbury, of New York City, for appellants William B. Harbeson and William H. Pickard.

John H. Fleury, of Brooklyn, for appellants James Q. Hiers, Frank F. Jackson, and Edmund J. McMurray.

Leo Oppenheimer, for respondent.

McLAUGHLIN, J. The defendants demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrers were overruled, and they appeal.

The complaint alleges, in substance, that prior to June 5, 1909, the plaintiff and defendants Harbeson, Hiers, and Jackson agreed, either with or without defendant McMurray, to associate themselves together for at least five years "in the business of merchandising textile fab-

rics," and for that purpose to form a corporation under the laws of the state of New York, with a capital stock of $50,000, divided into shares of $100 each, all of which was to be paid for and issued to the defendant Harbeson; that 100 shares of the same should be held for the defendant Hiers, 84 shares each for defendant Jackson and plaintiff, and 82 shares for defendant McMurray in case he associated himself in the business; that the defendants other than Harbeson were to devote their entire time to the business of the corporation for the term specified, and to receive as compensation therefor $50 per week; that Harbeson was to have 10 per cent. of the profits of the corporation, Hiers 5 per cent., and the remaining 85 per cent. was to be divided equally among the parties, regardless of the stock held by them; that such profits were to be paid to Harbeson and applied by him towards the payment of the contributions of the other parties to the capital stock of the business and for the stock allotted to them respectively; that in pursuance of this agreement the Harbeson Textile Company was incorporated on the 5th of June, 1909, Harbeson, Hiers, Jackson, and the plaintiff being named in the certificate of incorporation as its directors for the first year; that all of the capital stock was issued to Harbeson, for which he only paid $35,000; that following the incorporation the directors elected Harbeson president, Hiers and Jackson vice presidents, and the plaintiff secretary and treasurer; that the agreement referred to was recognized, adopted, and ratified by the corporation; that some time thereafter—just when is not alleged—at a meeting of the stockholders and directors it was agreed that Hiers, Jackson, and Abbott should receive a salary of $50 per week as and from the 1st day of June, 1909; that it was also agreed between Harbeson, Hiers, Jackson, and plaintiff that five shares of the stock should be transferred to the defendant Pickard, the same, however, to be held by Harbeson as theretofore; that prior to the 1st of December, 1909, defendant McMurray became a party to the agreement, and associated himself with plaintiff and said defendants in the business which they were engaged in carrying on, and he remained in the employ of the corporation until the 1st of June, 1913, receiving as compensation the same salary as that paid to Hiers, Jackson, and the plaintiff; that on the 1st of December, 1909, an agreement was entered into between the stockholders and the corporation that no increase of salary should be voted to any officer or stockholder during the term of the agreement, unless a proportionate increase be voted to each and every other officer holding 80 shares of the stock, and that no salary should be paid to any employé, stockholder, or officer in excess of $100 per week; that at a meeting of the stockholders—when held is not alleged—Harbeson was re-elected president, Hiers and plaintiff, vice presidents, Jackson, secretary and treasurer, and McMurray, assistant secretary and treasurer; that on the 1st of June, 1911, a resolution was unanimously adopted that from and after September, 1911, the defendant Harbeson should receive a salary of $25 per week, in addition to his share of the profits, and each of the other officers of the corporation $75 per week; that on the 1st of June, 1912, a resolution was adopted that the salary of the president should be increased to $50 per week, and the salary

of each of the other officers to the sum of $100 per week; that on the 1st day of June, 1912, the net profits of the business of the corporation up to that time amounted to $7,500, which was paid to the defendant Harbeson; that prior to the annual meeting of the stockholders held on the 2d of June, 1913, the defendants, other than the corporation, "combined and confederated with each other to deprive the plaintiff of his rights and interest in the said enterprise and in its profits and in said corporation and in its profits and of his compensation as a salaried officer or employé thereof"; that in pursuance of such combination defendants pretended to have taken such action at the annual meeting that they claim the plaintiff is no longer a director or officer and have refused to permit him to exercise any of the duties of his office, and have ejected him therefrom; that since that time they have refused to pay him any salary, but have paid to the defendants Hiers, Jackson, and McMurray $100 per week and to defendant Harbeson $50 per week; that the business conducted by the corporation for the year ending on the 1st of June, 1913, has resulted in large profits; and that plaintiff is entitled to have $17/100$ of the same applied towards the payment of his stock in the corporation. The judgment demanded is: (1) That the individual defendants account for their acts as directors and officers; (2) that they be required to pay to the corporation such sum or sums as shall be found due from them to it; (3) that the individual defendants other than Pickard be perpetually enjoined from acting as directors or officers, or from removing or disposing of any of the corporate assets or interfering with its affairs; (4) for the appointment of a receiver of the corporation and a distribution of its assets among those entitled thereto.

[1] It is difficult to determine from the allegations of the complaint what the pleader supposed constituted the cause of action, unless that fact is to be inferred from the relief demanded. The Code requires that a complaint shall contain a plain and concise statement of the facts constituting the cause of action (section 481, subdiv. 2, Code of Civil Proc.). It certainly does not do that, because it is impossible to tell from the facts pleaded whether the pleader was attempting to state a cause of action in equity or at law. The respondent's attorney in the brief presented claims that the cause of action pleaded is not one for breach of contract of employment, but one for an accounting, and the same claim was made upon the oral argument of the appeal.

[2-5] It is not an action in equity, nor are any facts stated which entitle plaintiff to equitable relief. If it be considered as a stockholder's action, appropriate facts are not stated to enable plaintiff to maintain it. There is no allegation that a demand has been made upon the officers of the corporation to bring an action, or that if such demand had been made it would have been fruitless. Nor is there any statement of facts showing that the assets of the corporation have been or are being wasted, that it is insolvent, or in danger of becoming so, or that any reason whatever exists for the appointment of a receiver and a distribution of the assets. If the action be for an accounting of the profits, the complaint is equally bad, because as to them there is no allegation that the defendants have refused to pay to the plaintiff that

to which he is entitled, or that his share of the profits has not been applied, as the agreement contemplated, towards the payment of the stock to which he says he is entitled. Nor is there any allegation that such stock has been paid for; or that he is now entitled to the same. His real grievance, so far as it can be gathered from the facts alleged, is that he is not permitted to act as a director or officer of the corporation, and it refuses to pay him the salary to which, if he did act, he would be entitled. Who shall act as officers of a corporation is and must be determined by the directors.

[6] If the action be viewed as one at law to recover for a breach of a contract of employment, it is equally bad. An agreement between the officers of a corporation, and while they are acting as such, that each shall have a salary for a term of years, and that the profits shall be distributed in a certain way, irrespective of the stock held by them, would be void as against public policy. Such agreement would, at most, be an attempt upon the part of the officers to use the corporation for their special benefit and not for the benefit of the stockholders. The statute commits to the directors the management of the business and affairs of a corporation and their acts cannot be hampered and controlled by an agreement of the character of the one here alleged. Flaherty v. Carey, 62 App. Div. 116, 70 N. Y. Supp. 951; West v. Camden, 135 U. S. 507, 10 Sup. Ct. 838, 34 L. Ed. 254; Cone v. Russell, 48 N. J. Eq. 208, 21 Atl. 847.

The judgment is reversed, with costs, and the demurrers sustained with costs, with leave to the plaintiff to serve an amended complaint on payment of the costs in this court and the court below. All concur.