■ F. SUTHERLAND MACKLEM, Appellant, v. MARINE PARK HOMES, INC., et al., Respondents, et al., Defendant.— In an action to compel the individual respondents to return to the respondent corporation the profits of the sale of certain real property, title to which was vested in the name of the corporation at the time of sale, and to compel the issuance of the corporate stock to appellant as assignee of the defendant Re, and for other relief, the appeal is from so much of a judgment, entered after trial, as awarded to the appellant against the individual respondents the right to recover $2,513.08, equivalent to 25% of the profit found to be realized on the sale of the realty involved, by the corporation, after deduction of expenses. The learned Trial Justice limited the appellant's right to the recovery on the theory that he was not entitled to maintain a stockholder's derivative action but was permitted to sue on the basis of the original joint venture between the individual respondents and the defendant Re, which was not superseded by the corporation subsequently formed. Judgment insofar as appealed from affirmed, with costs, on the opinion of the learned Justice at Special Term. (17 Misc 2d 439.) Wenzel, Murphy and Ughetta, JJ., concur; Nolan, P. J., and Hallinan, J., dissent and vote to reverse and to grant a new trial, with the following memorandum: In our opinion, the corporation, under the facts and circumstances of this case, by its activities became the actual instrumentality of the original venturers to advance and accomplish their final purpose to sell the vacant land at a profit, whatever else might have been the original intention of the individual contracting parties. There was, therefore, no basis for holding, in effect, that the joint venture persisted and that not a corporate suit, but an accounting action based on the rights and obligations of the individual joint venturers, was appellant's sole remedy. (*Weisman* v. *Awnair Corp. of America*, 3 N Y 2d 444, 449). As an actual medium used by the individual respondents in effecting the acquisition of title to, and sale of, the subject property, the corporation, in our opinion, should have been regarded as possessing such vitality that its property could not be disposed of as if it were owned by the individual venturers who agreed to form the corporation and who were concededly acting as its officers (*Flanagan* v. *Flanagan*, 273 App. Div. 918–919, affd. 298 N. Y. 787; *Abbott* v. *Harbeson Textile Co.*, 162 App. Div. 405).