**Hyman KRAMER, doing business as Hy Kramer Enterprises, Plaintiff,**

v.

**LIVING ALUMINUM, INC., S. Klein Department Stores, Inc., E. J. Korvette, Inc. and Ken-Mar Manufacturing Co., Inc., Defendants.**

United States District Court
S. D. New York.
Aug. 12, 1965.

Samuel J. Stoll, New York City, for plaintiff.

Kenyon & Kenyon, New York City, for defendants; Francis T. Carr, Charles R. Brainard, Robert T. Tobin, New York City, of counsel.

WYATT, District Judge.

This is a motion by plaintiff Kramer, said to be under Fed.R.Civ.P. 12(f) to strike the counterclaim contained in the joint answer of all defendants.

The action is for patent infringement. The complaint (para. 7) avers that plaintiff is the owner of the following patents "covering web-to-tube fastenings used in the Manufacture of tubular metal frame furniture:

| "No. 2,979,119, | issued April 11, 1961 |
| No. 3,042,113, | issued July 3, 1962 |
| No. 3,092,177, | issued June 4, 1963." |

The counterclaim is for a declaratory judgment that the three above listed patents *and a fourth patent owned by plaintiff, No. 2,978,775* "are invalid and not infringed".

The point of the present motion is that plaintiff claims he has "never charged defendants with infringement of Patent No. 2,978,775" (Kramer affidavit of May 20, 1965) and thus that there is no "ac-

tual controversy" as required by 28 U.S. C. § 2201.

Technically this is not properly a motion under Rule 12(f) because it is based on an affidavit and affidavits may not be used on motions to strike. 1A Barron and Holtzoff, Federal Practice and Procedure (Wright ed.) 506.

The motion will be treated as one for partial summary judgment under Rule 56(b).

It appears that defendant Living Aluminum, Inc. ("Living") makes lawn furniture in which plastic web is fastened by clips to tubular metal frames. Kramer makes such clips. Living does not buy clips from Kramer but makes (or has made) its own. The other defendants are customers to which Living has sold its lawn furniture or a supplier. Whatever the "actual controversy" may be, it is primarily between Kramer and Living, which is defending the action. It is hard to see why the other defendants are named in the action; certainly they add nothing to a resolution of the issues.

Patent No. 2,978,775 issued on April 11, 1961—the same date on which Patent No. 2,979,119 (infringement of which is charged in the complaint) issued.

Patent No. 2,978,775 is entitled "web-to-tube fastenings" and its first paragraph states that it will be described "in its application to tubular frame furniture". This is the same description employed in the complaint (para. 7) for the patents on which Kramer brings this action.

Patent No. 2,979,119 (infringement of which is charged in the complaint) states that it is "a continuation-in-part" of the application on which Patent No. 2,978,775 issued.

Some of the claims allowed in Patent No. 2,979,119 (infringement of which is charged in the complaint) were so allowed because, as Kramer's patent attorney represented to the Commissioner of Patents, they were "fastener claims cor-

responding to those allowed in applicant's already allowed application Serial No. 721,233", namely, Patent No. 2,978,775.

An officer of Living swears that Mr. Kramer on two occasions "charged and threatened that the Living Aluminum clips infringed *his patents* on such fastenings" (emphasis supplied). This *is* not denied by Mr. Kramer and therefore must be taken as true. It does appear that Mr. Kramer has never charged infringement of Patent No. 2,978,775 *by number*, but this circumstance is not itself controlling. Federal Tel. & Radio Corp. v. Associated Tel. & Tel. Co., 169 F.2d 1012, 1015 (3d Cir. 1948), cert. denied 335 U.S. 859, 69 S.Ct. 133, 93 L.Ed. 406 (1948).

On the record presently made, it appears that Patent No. 2,978,775 is sufficiently related to the patents on which the complaint is based that if an actual controversy exists as to those patents it also exists as to No. 2,978,775. In any event, the absence of an actual controversy as to No. 2,978,775 is not sufficiently shown at this point to justify dismissing the counterclaim in respect of that patent.

The motion is denied.

So ordered.