■ JOHN J. GRIFFIN, Respondent, v. SAVERIO CAFARELLI, Individually and Doing Business as S. CAFARELLI ASSOCIATES, Appellant.— In an action, *inter alia*, for an accounting, defendant appeals from so much of an order of the Supreme Court, Nassau County, dated April 14, 1971, as denied his motion for summary judgment. Order reversed insofar as appealed from, on the law, without costs, and motion granted. The question presented on this appeal is whether an unlicensed engineer can obtain a partnership accounting for pro-

fessional fees earned by a consulting and engineering firm. In our opinion the general rule applicable to the instant case is that one partner cannot compel his copartner to account in equity where the partnership was organized for the purpose of conducting a lawful business in an illegal manner. (See 40 Am. Jur., Partnership, § 326, p. 358; see, also, 68 C. J. S., Partnership, § 7, p. 411; *Parise* v. *Pepe,* 270 App. Div. 769.) It is against strong public policy in this State to allow an unlicensed professional (in this case an engineer) to obtain an accounting for professional fees earned by a professional firm. Indeed, the Education Law prohibits the formation of a partnership between licensed and unlicensed persons to render engineering services (Education Law, § 7209, subd. 2). The amendments to the Education Law effective September 1, 1971 would not require a contrary determination (see § 7209, subds. 1, 4). Special Term indicated that it had not been established that the services for which plaintiff seeks remuneration from defendant involve professional engineering services rendered by a nonlicensed engineer. In our opinion, plaintiff in his verified complaint is clearly seeking an accounting for fees earned by a professional firm and this court will not assist him in such action. The doctrine of unclean hands is applicable. Munder, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.