Theodore Alexander Bardy, J.
The defendants move to dismiss the plaintiff’s complaint containing two causes of action on the ground that the plaintiff was an unlicensed contractor.
The court has read the papers submitted by counsel for the respective parties and the cases cited therein. (See, also, Galbreath — Ruffin Corp. v 40th & 3rd Corp., 19 NY2d 354; Richards Conditioning Corp. v Oleet, 21 NY2d 895; Griffin v Cafarelli, 38 AD2d 847; Wineman v Blueprint 100, 75 Misc 2d 665; East Coast Moving & Stor. v Flappin, 78 Misc 2d 140; Assos Home Improvement v Terrebetzky Civ Ct, Queens County, Index No. 40017/1974, April 9, 1975, Naro, J.)
It is the opinion of this court that plaintiff’s failure to obtain the requisite license in accordance with the provisions of section B32-352.0 of the Administrative Code of the City of New York, is fatally defective and precludes plaintiff from obtaining the aid of this court to enforce his claim for labor and/or material supplied in connection with the renovation, either in contract or quantum meruit.
The city council in enacting the legislation requiring the licensing of persons engaged in the home improvement, remodeling and repair business, did so under its police power to legislate for the safety and protection of the public.
To allow plaintiff to use this court to enforce such agreement or to collect for material or labor in quantum meruit, would be to emasculate the effectiveness of the legislation promulgated by the city council and to perpetuate the evil which it seeks to eliminate.
Accordingly, the defendants’ motion to dismiss the plaintiff’s complaint is granted.