■ DOROTHY Y. COPELAND and All Others Similarly Situated, Appellants, v WEYERHAEUSER COMPANY et al., Respondents. KENNETH J. HEMMING and All Others Similarly Situated, Appellants, v UNITED STATES GYPSUM COMPANY et al., Respondents. Memorandum: Special Term properly denied plaintiffs' motions for permission to amend their complaints to assert causes of action for breach of implied warranty, breach of express warranty, and deceptive business practices. Because plaintiffs, in their proposed complaint, have not alleged that they were in privity with defendants, they may not recover on a claim of breach of implied warranty (see, Jaffee Assoc. v Bilsco Auto. Serv., 89 AD2d 785, affd 58 NY2d 993; see also, Miller v General Motors Corp., 99 AD2d 454, affd 64 NY2d 1081).

The proposed cause of action for breach of express warranty is insufficient because of failure to set forth the terms of the warranty upon which plaintiffs rely. A complaint for breach of contract must allege the provisions of the contract upon which the claim is based (Bomser v Moyle, 89 AD2d 202; Shields v School of Law, 77 AD2d 867; Lupinski v Village of Ilion, 59 AD2d 1050).

Finally, the proposed cause of action for deceptive business

practices is defective for failure to allege any acts of plaintiffs after June 19, 1980 (the effective date of the deceptive business practice provision of the General Business Law) in reliance upon the alleged deceptive representation *(see, Hemming v Certainteed Corp.,* 97 AD2d 976, *appeal dismissed* 61 NY2d 758). (Appeal from order of Supreme Court, Monroe County, Rosenbloom, J.—amend complaint.) Present—Dillon, P. J., Callahan, Boomer, Balio and Lawton, JJ.