**James PARETTI, Plaintiff,**

**v.**

**CAVALIER LABEL COMPANY, INC., Bernard Shur and Harold Shur, Defendants.**

**No. 87 Civ. 2088 (MBM).**

United States District Court, S.D. New York.

Dec. 28, 1988.

Kenneth A. Zitter, New York City, for plaintiff.

Martin I. Saperstein, Goodman & Saperstein, Garden City, N.Y., for defendants.

## OPINION AND ORDER

MUKASEY, District Judge.

Defendants Cavalier Label Company, Inc., a New York corporation, and Bernard and Harold Shur, New York citizens, move for summary judgment dismissing a portion of the diversity action of James Paretti, a New Jersey citizen. Fed.R.Civ.P. 56(b). In addition, Paretti moves to strike one of defendants' affirmative defenses. Fed.R.Civ.P. 12(f). For the reasons set forth below, defendants' motion is granted in part and denied in part, and Paretti's motion is denied.

Cavalier is in the women's outerwear business, and is known by its trade name Young Rebels. In 1986, the Shurs each owned one-half of Cavalier stock and were

both directors of the company. In June of that year, Paretti, a valued employee, told the Shurs that he was going to work for another clothing company. In response, the Shurs orally offered Paretti an ownership interest in Cavalier, effective November 1985, in exchange for Paretti's remaining with the firm. Paretti orally accepted, and for six months, the parties tried to structure the transaction in a mutually agreeable way. Finally, in late December 1986, after no agreement had been signed, Paretti left to work for a competitor, and this action ensued.

In his amended complaint, Paretti seeks legal and declaratory relief to compensate him for defendants' alleged breach of contract and fraud. In addition, Paretti seeks to estop defendants from asserting that no partnership exists, and requests a partnership accounting from November 1985 to the present. In their amended answer and counterclaim, defendants assert, among other things, that Paretti is not entitled to an accounting because he has unclean hands.

Under Fed.R.Civ.P. 56(c), a trial judge must grant summary judgment if the evidence demonstrates that "there is no genuine issue as to any material fact and [that] the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Murray v. Xerox Corp.*, 811 F.2d 118 (2d Cir.1987). The moving party has the initial responsibility of informing the court of the basis for its motion, and identifying "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) *quoting* Fed.R.Civ.P. 56(c); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153, 90 S.Ct. 1598, 1606, 26 L.Ed. 2d 142 (1970). However, once a movant meets that burden, and establishes a *prima facie* case for summary judgment, the opponent of summary judgment must adduce enough evidence to support a jury verdict in its favor. *First Nat'l Bank of*

*Ariz. v. Cities Svc. Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968), *cited in Liberty Lobby*, 477 U.S. at 249, 106 S.Ct. at 2510; *see* 10A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2727 (2d ed. 1983).

In determining whether a genuine issue of material fact has been raised, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) *(per curiam )*, *cited in Donahue v. Windsor Locks Bd. of Fire Comm'rs.*, 834 F.2d 54, 57 (2d Cir.1987). Therefore, not only must there be no genuine issue as to the evidentiary facts, but there must also be no controversy regarding the inferences to be drawn from them. *Donahue*, 834 F.2d at 57, *citing Schwabenbauer v. Board of Educ.*, 667 F.2d 305, 313 (2d Cir.1981). However, if this analysis yields no more than a metaphysical doubt as to the material facts, summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Defendants move for summary judgment of Paretti's claim for a partnership accounting. Defendants' main contention is that Cavalier is a corporation, not a partnership. Defendants reason that under New York law, which all parties concede governs this case, the Shurs therefore offered Paretti an ownership interest in a corporation, not in a partnership. Defendants conclude that because corporate shareholders are not entitled to an accounting, Paretti's action cannot be sustained.

In New York, entrepreneurs may consider themselves to be partners even though their business is organized as a corporation, so long as the partnership agreement does not interfere with the rights of third parties such as creditors. *Sagamore Corp. v. Diamond W. Energy Corp.*, 806 F.2d 373, 379 (2d Cir.1986), *Arditi v. Dubitzky*, 354 F.2d 483, 486 (2d Cir.1965); *Macklem v. Marine Park Homes, Inc.*, 17 Misc.2d 439, 191 N.Y.S.2d 374 (N.Y.Sup.Ct.1955), *aff'd*, 8 A.D.2d 824, 191 N.Y.S.2d 545

(1959), *appeal dismissed*, 7 N.Y.2d 887, 197 N.Y.S.2d 194, 165 N.E.2d 201, *aff'd mem.*, 8 N.Y.2d 1076, 207 N.Y.S.2d 451, 170 N.E.2d 455 (1960), *limiting sub silentio Weisman v. Awnair Corp. of Am.*, 3 N.Y.2d 444, 165 N.Y.S.2d 745, 144 N.E.2d 415 (1957). Defendants do not assert that any third party would be prejudiced if Cavalier were run by the Shurs as a partnership *inter se*. However, they do assert that the Shurs simply did not treat each other as partners, and they further assert that the record is devoid of evidence that puts that material fact in dispute.

■ Viewing the facts most favorably to Paretti, *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1187 (2d Cir.1987), one could infer from the Shurs' ownership of all of Cavalier's stock, that they gave Cavalier its capital, owned all of its assets, and were entitled to all of its profits. In addition, the Shurs' personal liability on a $10,000,-000.00 line of credit can be seen as evidence that they were responsible for most, if not all of Cavalier's losses. Further, letters from Cavalier's counsel to Paretti can be read to say that he was joining an ongoing partnership conducted in corporate form. Finally, the Shurs managed the daily operations of Cavalier. Therefore, when viewed favorably to Paretti, the facts could sustain a jury verdict that the Shurs intended to run Cavalier as a partnership *inter se*, and as a corporation as to the rest of the world. *Tenney v. Insurance Co. of N. Am.*, 409 F.Supp. 746 (S.D.N.Y.1975) (elements of a partnership); *M.I.F. Sec. Co. v. R.C. Stamm & Co.*, 94 A.D.2d 211, 463 N.Y.S.2d 771 (1983) (same), *aff'd mem.*, 60 N.Y.2d 936, 471 N.Y.S.2d 84, 459 N.E.2d 193 (1983). Therefore, summary judgment on this issue is inappropriate. Accordingly, defendants' motion for summary judgment on the partnership accounting claim is denied.

■ In contrast to the extensive evidence which supports his partnership claim, Paretti adduces no evidence that would support his fraud claim. In order to sustain this claim, Paretti must show that defendants acted with fraudulent intent. *Xerox Corp.*, 811 F.2d at 122; *Catrett*, 477 U.S. at 325, 106 S.Ct. at 2554. Paretti argues that the Shurs failed to make good their promise that he would become a partner in Cavalier; but even if that is true, that in and of itself is not evidence of fraudulent intent. *Xerox Corp.*, 811 F.2d at 122. By comparison, defendants produce evidence of their numerous attempts to reach an agreement with Paretti, their prepayment of Paretti's legal fees in connection with the negotiations, and other acts designed to facilitate the reduction to writing of their oral agreement with Paretti. Therefore, when seen alongside Paretti's evidence, defendants' evidence shows that there is no genuine issue of material fact as to the defendants' good faith in dealing with Paretti. Accordingly, defendants' motion for summary judgment dismissing Paretti's fraud claim is granted.

Defendants also move for summary judgment on Paretti's promissory estoppel claim. Defendants assert that Paretti has not pleaded sufficient facts from which a claim for promissory estoppel could be granted. In the alternative, they assert that he has not adduced evidence to support each of the elements of promissory estoppel.

■ Promissory estoppel arises when a promise, clear and unambiguous in its terms, leads a promisee foreseeably and reasonably to change his position in reliance on the promise. E.g. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 78 (2d Cir.1984); *James King & Son, Inc. v. DeSantis Constr. No. 2 Corp.*, 97 Misc.2d 1063, 413 N.Y.S.2d 78 (N.Y.Sup.Ct. 1977). Paretti alleges and defendants admit that the Shurs unambiguously offered Paretti an ownership interest in their business if he would work at Cavalier. Paretti also asserts, and when viewed favorably to Paretti, the evidence shows that the Shurs asked Paretti to respond to the offer by giving up the right to work for other clothing companies, thus making it foreseeable that he would do so. Moreover, as noted above, the facts could lead Paretti to believe that the Shurs were the sole owners of Cavalier. As a result, Paretti reasonably could believe that the Shurs could

promise him an ownership stake in Cavalier.

By alleging and producing evidence to support each of the elements of promissory estoppel, Paretti has both stated a claim and adduced sufficient evidence to defeat a motion for summary judgment. Accordingly, defendants' motion for dismissal or summary judgment on this claim is denied.

■ As an ancillary matter, there is no merit to defendants' contention that Paretti's promissory estoppel claim merely duplicates his breach-of-contract claim. A promissory estoppel claim does not rise or fall on the existence of a contract; a breach-of-contract claim does. *See Copeland v. Weyerhaeuser Co.*, 124 A.D.2d 998, 509 N.Y.S. 2d 227 (1986) (mem.), *appeal dismissed*, 69 N.Y.2d 944, 516 N.Y.S.2d 656, 509 N.E.2d 351 (1987).

■ Turning to Paretti's motion, he seeks to strike defendants' affirmative defense that he is not entitled to a partnership accounting because he has unclean hands. Fed.R.Civ.P. 12(f). As a procedural matter, both parties bolster their papers with affidavits and other extrinsic evidence, which cannot be considered in a true motion to strike. *Kramer v. Living Aluminum, Inc.*, 38 F.R.D. 347, 348 (S.D.N.Y. 1965). While conversion of a motion to strike into a motion for summary judgment is not explicitly authorized by the Federal Rules of Civil Procedure, where, as here, both parties clearly view the motion, however styled, as a motion for summary judgment, it will be so treated under Fed.R.Civ. P. 56(b). *General Tire & Rubber Co. v. Jefferson Chem. Co.*, 46 F.R.D. 607 (S.D.N.Y.1969); *Living Aluminum, Inc.*, 38 F.R.D. at 348; *but see Henkin v. Rockower Bros., Inc.*, 259 F.Supp. 202, 205–06 (S.D.N.Y.1966) (where affiant has no personal knowledge of the facts, and other supporting documents are unsworn, 12(f) motion cannot be converted into one for summary judgment).

Under New York law, partners are entitled to an accounting, whether the partnership is dissolved by Paretti's departure or not. N.Y.Partnership Law §§ 43, 44 (McKinney 1988). However, in order to exercise that statutory right, a partner must come to the court with clean hands. *Griffin v. Cafarelli*, 38 A.D.2d 847, 330 N.Y.S.2d 110 (1972). An alleged partner such as Paretti has unclean hands if he injures his alleged partners by immoral, illegal, unconscionable, or fraudulent acts that are directly related to the subject matter of the suit. *National Distillers and Chem. Corp. v. Seyopp Corp.*, 17 N.Y.2d 12, 15–16, 267 N.Y.S.2d 193, 195, 214 N.E. 2d 361, 363 (1966). A partner acts unconscionably by committing willful acts that would be condemned and pronounced wrongful by honest and fair-minded persons. *Pecorella v. Greater Buffalo Press Inc.*, 107 A.D.2d 1064, 1065, 486 N.Y.S.2d 562, 563 (1985) (mem.) *citing* 20 N.Y.Jur. *Equity* § 107. For example, if a partner expropriates essential pieces of partnership property before the partnership fully winds up, and then uses the property to help the partnership's competitors, that is evidence of unconscionable conduct. *See LaRusso v. Paladino*, 109 N.Y.S.2d 627, (N.Y.Sup. Ct.1951) (partners have no personal right in specific partnership property), *aff'd* 280 A.D. 988, 116 N.Y.S.2d 617 (1952), *appeal denied*, 118 N.Y.S.2d 557 (N.Y.App.Div. 1953). Further evidence of unconscionable conduct would be a partner's sabotage of the partnership's relations with a key customer. *Mitchell v. Reed*, 61 N.Y. 123 (1874) (partners have a duty of good faith to one another).

■ Viewing the facts most favorably to defendants, Paretti left Cavalier in December 1986 to work for a competitor, taking with him: Cavalier's sketch book, which contained all of the styles for Cavalier's fall 1987 line; patterns; piece goods; stencils; pricing information; and a list of factories where the goods could be mass produced. In addition, and again seeing the facts through a defense-oriented prism, while Paretti was actively seeking employment with defendants' competitors, he intentionally did not process a $214,450.00 order placed by a large and valued customer of Cavalier. On a fully developed record, these acts, among others, could support a finding that Paretti acted uncon-

scionably toward defendants, thereby forfeiting his right to an accounting. Accordingly, Paretti's motion for summary judgment striking defendants' affirmative defense of unclean hands is denied.

SO ORDERED.