■ In the Matter of CHARLENE KEMP, Appellant, v CESAR A. PERALES, as Commissioner of the New York State Department of Social Services, et al., Respondents. [604 NYS2d 268] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents to comply with a decision issued after a fair hearing, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Rohl, J.), dated July 11, 1991, (1) which denied her motion, *inter alia,* to convert the proceeding to a plenary action and grant class action status, (2) which granted the cross motion of the

respondent Commissioner of the Suffolk County Department of Social Services, to dismiss the petition pursuant to CPLR 3211 (a) (5) as barred by a release, and thereupon dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, the cross motion is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith.

The petitioner commenced this proceeding in June 1989 contending, *inter alia,* that certain practices and policies of the respondent Commissioner of the Suffolk County Department of Social Services (hereinafter County Commissioner) violate applicable State regulations governing the provision of emergency home relief and adult protective services to eligible persons, and that the County failed to comply with that portion of a fair hearing decision which determined that she had not been adequately provided with such benefits. The petitioner subsequently moved, *inter alia,* to convert the proceeding to a class action and to serve an amended complaint. The County Commissioner cross-moved to dismiss the proceeding on the ground that it was barred by a release contained in a stipulation in October 1988, settling the petitioner's previous proceeding pursuant to CPLR article 78. The Supreme Court granted the cross motion, dismissed the proceeding, and denied the petitioner's motion as moot. We now reverse and remit the matter to the Supreme Court to consider the petitioner's motion on the merits.

The petitioner's first proceeding, brought in 1988, sought to annul that portion of a fair hearing decision which upheld the County Commissioner's denial of her application for public assistance, food stamps, and medicaid. The stipulation by which the parties settled that proceeding begins with a recital that the portion of the fair hearing decision which denied her such benefits shall be annulled and concludes with a general release of all claims arising out of the facts and circumstances alleged in the proceeding.

"It is well settled that a 'release may contain specific recitals as to the claims being released, and yet conclude with an omnibus clause to the effect that the releasor releases and discharges all claims and demands whatsoever which he * * * may have against the releasor. In such situations, the courts have often * * * held that the general words of a release are limited by the recital of a particular claim' * * * Thus, if from the language of the instrument, it appears that the

release is to be limited to certain claims, demands or obligations, then the release will be operative as to those matters only" *(Herman v Malamed,* 110 AD2d 575, 576-577; *see also, Perritano v Town of Mamaroneck,* 126 AD2d 623). Accordingly, we find that the release is operative only as to the specific claim raised in the prior proceeding and does not bar the instant proceeding.

The petitioner established that the parties did not intend the stipulation to preclude her from litigating the issue of the County Commissioner's compliance with that portion of the same fair hearing decision which was decided in her favor *(see, Cahill v Regan,* 5 NY2d 292). The parties negotiated with respect to the adequacy of the County Commissioner's compliance with the fair hearing decision for several months after the stipulation was signed, and the petitioner was notified subsequent to January 1989 that the State had determined that the County Commissioner's compliance with the decision was satisfactory. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.