■ BERNARD BLANK, Respondent, v STEPHEN P. BLANK, Individually and as Executor of LEO BLANK, Deceased, Appellant, et al., Defendants. (Action No. 1.) B.B.M. REALTY CORPORATION, Respondent, v ESTATE OF LEO BLANK, Appellant. (Action No. 2.) [634 NYS2d 886] —White, J. Appeals (1) from an order of the Supreme Court (Torraca, J.), entered July 12, 1994 in Sullivan County, which denied a motion by various defendants to dismiss the complaint against them in action No. 1, and (2) from an order of said court, entered July 12, 1994 in Sullivan County, which denied defendant's motion to dismiss the complaint in action No. 2.

The principal issue on these appeals is whether the complaint in action No. 1, seeking a declaration of dissolution of a partnership and an accounting, is sufficient to withstand a motion to dismiss under CPLR 3211 (a) (7). On such a motion, we accept the facts as alleged in the complaint as true, accord plaintiff "the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88).

Here, the complaint in action No. 1 alleges that in 1945 plaintiff and his brother, Leo Blank (hereinafter Blank), entered into a business (hereinafter Blank Family Partnership), each agreeing to share equally the profits and losses and from time to time to invest the profits into new businesses after thorough discussion. Over the years Blank Family Partnership made a number of investments, particularly in real estate in New York and Florida. After Blank died on February 28, 1992, disagreements arose between plaintiff and members of Blank's family which prevented Blank Family Partnership from proceeding in a productive and fruitful manner.

Applying the appropriate standard, this complaint appears sufficient since its allegations set forth the basic elements of a partnership (*see, Matter of Steinbeck v Gerosa*, 4 NY2d 302, 317, *appeal dismissed* 358 US 39; *Kyle v Ford*, 184 AD2d 1036, 1037) which was dissolved by operation of law upon the death of Blank (*see, Green v Albert*, 199 AD2d 465, 466; *see also*, Partnership Law § 62 [4]).

Defendants maintain otherwise. They point out that the real estate referred to in the complaint was not owned by Blank Family Partnership but by a number of corporations or other partnerships. Citing *Weisman v Awnair Corp.* (3 NY2d 444), defendants contend that when plaintiff and Blank formed the various corporations they ceased to be partners and were relegated to the rights and obligations of shareholders. Thus, since the complaint does not conform to the requirements of the Business Corporation Law regarding the involuntary dissolution of corporations (*see*, Business Corporation Law art 11), defendants urge that it be dismissed as insufficient as a matter of law.

The holding of *Weisman v Awnair Corp.* (*supra*, at 449), i.e., that a joint venture may not be carried on by individuals through a corporate form, has been qualified. In *Macklem v Marine Park Homes* (17 Misc 2d 439, *affd* 8 AD2d 824, *affd* 8 NY2d 1076), a joint venture agreement between individuals for the purchase and sale of realty was enforced despite the fact that the parties formed a corporation as a conduit to hold title

to the realty and receive the proceeds from its sale. Lacking a compelling reason to preclude individuals from acting as partners between themselves and as a corporation to the rest of the world, other courts have sanctioned such an arrangement as long as the rights of third parties, like creditors, are not involved and the parties' rights under the partnership agreement are not in conflict with the corporation's functioning (*see, Sagamore Corp. v Diamond W. Energy Corp.*, 806 F2d 373, 378-379; *Arditi v Dubitzky*, 354 F2d 483, 486; *Paretti v Cavalier Label Co.*, 702 F Supp 81, 83-84). Inasmuch as these precedents undercut the predicate of defendants' argument, Supreme Court properly denied their CPLR 3211 (a) (7) motion.

Defendants further contend that the complaint in action No. 1 should be dismissed pursuant to CPLR 3211 (a) (10) due to plaintiff's failure to name as parties the various corporations and partnerships through which Blank Family Partnership acted. Aside from the fact that dismissal under this section is a matter of last resort (Siegel, NY Prac § 268, at 397 [2d ed]), Supreme Court's denial of this motion was appropriate as it does not appear at this point that the unnamed entities will be inequitably affected by this action since plaintiff is only seeking an accounting and trying to wind up the affairs of Blank Family Partnership, which should not involve the organizational structure of the other entities. In any event, should the need arise as this matter progresses, these entities can be joined (*see*, CPLR 1003).

According to defendants, the probate of Blank's will in Florida interjects the laws of that State into this lawsuit. When a will is probated in Florida, the executor must publish a notice of administration and serve a copy upon creditors within three months of publication (Fla Stat § 733.212 [1], [4] [a]). The creditor then has 30 days after the date of service to file a claim (Fla Estates and Trusts § 733.702 [1]). As it is undisputed that plaintiff did not file a claim, defendants' position is that this action is barred.

We disagree because this action does not involve a claim against Blank's estate; the Blank Family Partnership property vested in plaintiff after Blank's death subject to an accounting to the estate (*see, Matter of Schwartzenberg*, 99 AD2d 969, 970; *see also*, Partnership Law § 51 [2] [d]; § 73).

Defendants also claim that action No. 1 should be dismissed in light of a general release plaintiff executed in November 1992 in their favor releasing all claims in existence to the date of the release. Plaintiff asserts that the release is not dispositive since it only relates to a loan he made to defendant Randall Blank.

"The meaning and coverage of a general release depends on the controversy being settled and upon the purpose for which the release was actually given" (*Le Frak SBN Assocs. v Kennedy Galleries*, 203 AD2d 256, 257; *see, Metz v Metz*, 175 AD2d 938, 939). Here, the limiting language of the release, as well as its covering letter, refer to the promissory notes embodying the loan plaintiff claims he made. In view of these circumstances, it is apparent that the release applies only to the loan and is not a bar to this proceeding (*see, Matter of Kemp v Perales*, 199 AD2d 320, 321-322). Hence, Supreme Court's denial of defendants' motion under CPLR 3211 (a) (5) was warranted.

We also find that although Stuart Vogel purportedly resigned as trustee, Supreme Court properly retained him in this lawsuit since the record is silent as to whether any court granted him permission to resign (*see*, Turano, Practice Commentaries, McKinney's Cons Laws of NY, Book 17B, EPTL 7-2.6, at 313).

In action No. 2 plaintiff, a corporation, is seeking to recover $71,000 it allegedly lent Blank. Defendant questions Bernard Blank's authority to authorize this suit, contending that where there are only two shareholders each having a 50% interest, an action cannot be maintained in the name of the corporation by one shareholder against the other. While there is support for defendant's contention (*see, Executive Leasing Co. v Leder*, 191 AD2d 199, 200; *Abelow v Grossman*, 91 AD2d 553, 554), its applicability here is uncertain because the motion papers in this action do not name plaintiff's shareholders nor indicate their respective interest. In light of this, Supreme Court properly rejected this contention. Defendant's further argument that Bernard Blank in his capacity as plaintiff's vice-president lacked authority to authorize this action was also properly rejected for lack of evidentiary support.

We do not accept the contention that this action is barred by the Florida notice of claim statute referred to above as there is no proof that defendant's executors served the required notice upon plaintiff.

We have considered defendants' remaining contentions and find them unpersuasive. Accordingly, for the foregoing reasons, we affirm Supreme Court's denial of defendants' motions to dismiss in action Nos. 1 and 2.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the orders are affirmed, with costs.