■ Stephen L. Weiner et al., Appellants, v Hoffinger Friedland Dobrish & Stern, P.C., et al., Respondents. [749 NYS2d 255] —In an action, inter alia, to recover damages for breach of contract and for an accounting, the plaintiffs appeal from a judgment of the Supreme Court, New York County (Gammerman, J.), dated January 25, 2002, which, after a nonjury trial (Freedman, J.), and upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law, dismissed the complaint. By decision and order of the Appellate Division, First Department, dated May 29, 2002, this appeal was transferred to this Court for hearing and determination (*see* NY Const, art VI, § 4 [i]).

Ordered that the judgment is affirmed, with costs.

The plaintiff Stephen L. Weiner, an attorney, joined the law firm of the defendant Jack S. Hoffinger as an associate in 1979. In 1982 or 1983, he was made a partner. There were essentially two practice groups in the firm—the litigation group, headed by Hoffinger, and the corporate and real estate group, headed by Larry Friedland. Although there was no written partnership agreement, the attorneys in the two separate groups apparently conducted themselves as a partnership. In 1991 the partnership decided to reorganize as a professional corporation

under the name of Hoffinger, Friedland, Dobrish, Bernfeld & Hasen, P.C. (hereinafter the P.C. firm). In February 1996 the plaintiff left the P.C. firm for a position in government. Dissatisfied with the fees turned over to him as compensation for work he performed before his departure, the plaintiff and Stephen L. Weiner, P.C., the corporate entity through which he was employed by the P.C. firm, commenced this action against his former firm and his alleged "partners," seeking, inter alia, a partnership accounting. The plaintiff claimed that after 1991, he, Hoffinger, and others, who together made up the "Hoffinger Partnership," continued to practice as a partnership, notwithstanding that the larger entity of which they were a part was a professional corporation.

The defendants moved for summary judgment, contending that the plaintiffs were not entitled to a partnership accounting under the rule established in *Weisman v Awnair Corp. of Am.* (3 NY2d 444). The plaintiffs cross-moved for summary judgment. The case was referred for trial. The issue was whether a partnership existed within the professional corporation, entitling the plaintiffs to an accounting. At the close of the plaintiffs' case, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law. The Supreme Court reserved decision, and at the close of the defendants' case, concluded that the partnership ceased to exist once the professional corporation was formed. Accordingly, the defendants' motion was granted. The Supreme Court then determined that all issues were decided in the defendants' favor in the trial, rendering the initial summary judgment motions before the court academic. Judgment was entered in the defendants' favor and the complaint was dismissed.

The Supreme Court properly dismissed the complaint. The evidence adduced at trial showed that after 1991 the P.C. firm held itself out as a single entity, operating as a professional corporation. It was the P.C. firm that was the counsel of record in all matters, not the alleged "Hoffinger Partnership." Retainers were in the name of the P.C. firm. The firm stationery listed only the P.C. firm on its letterhead. Bank accounts were in the name of the P.C. firm. It was the P.C. firm that issued the checks for payment of salaries or distribution of funds. Partnership K-1 forms ceased to be distributed after 1991. There was only one professional malpractice policy, one general liability insurance policy, one pension plan, and one health insurance policy—all of which were in the name of the P.C. firm. The office lease, a significant obligation, was in the name of the P.C. firm. The fact that separate practice groups continued to oper-

ate in the same manner as prior to the reorganization of the firm as a professional corporation, profits and expenses were attributed to and accounted for separately between the two groups, and the senior attorneys continued to refer to one another as partners, did not mean that a partnership was in existence. It is well established that a partnership may not exist where the business is conducted in corporate form, and parties may not be partners between themselves while using the corporate shield to protect themselves against personal liability (*see Weisman v Awnair Corp. of Am., supra* at 449-450; *Berke v Hamby,* 279 AD2d 491, 492; *Matter of Reichenbaum,* 214 AD2d 48, 50; *Notar-Francesco v Furci,* 149 AD2d 490). Accordingly, the plaintiffs were not entitled to an accounting. Dismissal of the plaintiffs' remaining claims, which are dependent upon the existence of a partnership or partnership agreement, therefore also was proper. Santucci, J.P., S. Miller, Friedmann and Rivera, JJ., concur.