■ In the Matter of Mark Hochberg, D.M.D., Respondent, v Manhattan Pediatric Dental Group, P.C., Respondent, and Louis Cooper, D.D.S., Appellant. [836 NYS2d 615]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered August 22, 2006, which denied respondent's cross motion to dismiss the petition seeking judicial dissolution of the corporation, and declined to enforce provisions of the prior partnership agreement, unanimously reversed, on the law, with costs, and the matter remanded for further proceedings consistent herewith.

In or about February 1985, petitioner (Hochberg) and respondent-appellant (Cooper) entered into a partnership agreement for the operation of their joint dental practice. That agreement required arbitration of "[a]ny controversy arising out of or relating to the determination of the value of a *PARTNER'S* interest in the *PARTNERSHIP* . . . or any other provision of this agreement." It also provided, among other things, that no partner could transfer his interest without first offering that interest to the other partner, and only if the other partner declines to purchase that interest may the first partner dissolve the partnership.

On or about May 6, 2002, the parties converted the practice to a professional corporation under article 15 of the Business Corporation Law. At that time, they amended the practice's bank accounts, pension accounts, letterhead, invoices and tax records, as well as the business name, to reflect the corporate status.

On or about January 31, 2006, Hochberg commenced the instant proceeding by order to show cause, seeking judicial dissolution of the corporation, citing conflicts with Cooper. Cooper cross-moved to dismiss the petition, arguing that while they could no longer work together, the dispute must be resolved in accordance with the arbitration clause of the partnership agreement, which he asserted survived incorporation.

The motion court denied the cross motion to dismiss the petition or to enforce the partnership agreement's arbitration clause. The court, quoting *Weiner v Hoffinger Friedland Dobrish & Stern* (298 AD2d 453, 455 [2002], *lv denied* 99 NY2d 509 [2003]), held, essentially, that "a partnership may not exist where the business is conducted in corporate form, and parties may not be partners between themselves while using the corporate shield to protect themselves." This was error.

To the extent that *Weiner* requires rejection of the partnership agreement following the formation of a corporation by the same parties, we decline to follow it.

In *Blank v Blank* (222 AD2d 851, 852-853 [1995]), the Third Department held: "The holding of *Weisman v Awnair Corp.* ([3 NY2d 444, 449]), i.e., that a joint venture may not be carried on by individuals through a corporate form, has been qualified. In *Macklem v Marine Park Homes* (17 Misc 2d 439, *affd* 8 AD2d 824, *affd* 8 NY2d 1076), a joint venture agreement between individuals for the purchase and sale of realty was enforced despite the fact that the parties formed a corporation as a conduit to hold title to the realty and receive the proceeds from its sale. Lacking a compelling reason to preclude individuals from acting as partners between themselves and as a corporation to the rest of the world, other courts have sanctioned such an arrangement as long as the rights of third parties, like creditors, are not involved and the parties' rights under the partnership agreement are not in conflict with the corporation's functioning (*see, Sagamore Corp. v Diamond W. Energy Corp.*, 806 F2d 373, 378-379; *Arditi v Dubitzky*, 354 F2d 483, 486; *Paretti v Cavalier Label Co.*, 702 F Supp 81, 83-84)."

We have adopted the Third Department's holding in *Blank*. "[T]he reasonable rule is to make the governing concern whether the parties' rights as joint venturers are in conflict with the corporation's functioning, rather than whether they expressly provided for a reservation of rights in the corporate governance documents" (*Richbell Info. Servs. v Jupiter Partners*, 309 AD2d 288, 300 [2003]).

Thus, it is a question of fact whether the partnership was extinguished following the creation of a corporate entity to carry out the partnership business. No express reservation of rights is needed to continue the partnership agreement as governing the parties' relationship. Judicial dissolution would be inappropriate, in that it would allow Hochberg to avoid the buy-out provisions by seeking such dissolution (*see e.g. Matter of Johnsen v ACP Distrib., Inc.*, 31 AD3d 172, 178-179 [2006]). The case is remanded to determine whether or not the parties intended to continue the partnership agreement to govern their relationship as and between themselves, while carrying on the business to the outside world as a corporation. Should the Court determine that the parties intended that the partnership agreement remain in full force and effect, then the matter should be referred to arbitration according to the explicit terms of the agreement. Concur—Mazzarelli, J.P., Marlow, Gonzalez, Catterson and Kavanagh, JJ.