■ Lombard & Co., Inc., Respondent, v German De La Roche, Appellant, and Arthur B. Calcagnini, Jr., Respondent. [848 NYS2d 92]—

Order, Supreme Court, New York County (Debra A. James, J.), entered October 18, 2006, which, in an action in which defendant counterclaims against plaintiff, a corporation, and its principal and sole shareholder (herein, plaintiffs) for an accounting of an alleged joint venture, inter alia, upon reargument, granted plaintiffs' motion for summary judgment dismissing the counterclaim, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered December 12, 2005 and May 25, 2007, unanimously dismissed, without costs, as taken from nonappealable orders.

Defendant cannot recover on a claim that he and the individual plaintiff entered into a joint venture to be set up and run through the corporate plaintiff's structure (see Weisman v Awnair Corp. of Am., 3 NY2d 444 [1957] [individuals cannot carry on a joint venture through a corporate structure]). Al-

though *Weisman* has been qualified so as not to preclude members of a preexisting joint venture from "acting as partners between themselves and as a corporation to the rest of the world" (*Matter of Hochberg v Manhattan Pediatric Dental Group, P.C.*, 41 AD3d 202, 204 [2007]), here there was no preexisting joint venture that later spawned the creation of a corporation in which aspects of the joint venture could survive. Rather, the corporate plaintiff was formed long before the alleged joint venture was allegedly formed pursuant to an oral agreement of which the court discerned no proof. We have considered defendant's remaining arguments and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Saxe, Williams and Buckley, JJ.