# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1342**
**CA 12-01021**
PRESENT: FAHEY, J.P., CARNI, LINDLEY, AND SCONIERS, JJ.

---

RICHARD BIANCHI, ANGELO BIANCHI AND
JOSEPH ERRIGO, PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

MIDTOWN REPORTING SERVICE, INC., DOING
BUSINESS AS MIDTOWN REPORTING SERVICE,
DEFENDANT-APPELLANT.

---

ERNSTROM & DRESTE, LLP, ROCHESTER (TIMOTHY D. BOLDT OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SCHIANO LAW OFFICE, P.C., ROCHESTER (CHARLES A. SCHIANO, SR., OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (John J.
Ark, J.), entered March 12, 2012.  The order denied the motion of
defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting defendant's motion in part
and dismissing the first cause of action and as modified the order is
affirmed without costs.

Memorandum:  Plaintiffs commenced this action alleging the breach
of a partnership agreement and fraud, and seeking an accounting with
respect to a court reporting business that operated as Midtown
Reporting Service.  We reject defendant's contention that Supreme
Court erred in denying that part of its motion for summary judgment
dismissing the causes of action alleging breach of a partnership
agreement and seeking an accounting.  Although defendant is correct in
asserting that "a joint venture may not be carried on by individuals
*through* a corporate form" (*Weisman v Awnair Corp. of Am.*, 3 NY2d 444,
449), that principle set forth in *Weisman* "has been qualified" (*Blank
v Blank*, 222 AD2d 851, 852), and thus defendant is not entitled to
judgment as a matter of law.  Where, as here, "there is no written
partnership agreement between the parties, the court must determine
whether a partnership in fact existed from the conduct, intention, and
relationship between the parties" (*Czernicki v Lawniczak*, 74 AD3d
1121, 1124).  "In deciding whether a partnership exists, the factors
to be considered are the intent of [those individuals] (express or
implied), whether there was joint control and management of the
business, whether there was a sharing of the profits as well as a
sharing of the losses[ ] and whether there was a combination of

property, skill or knowledge . . . No one factor is determinative; it is necessary to examine the . . . relationship as a whole" (*Griffith Energy, Inc. v Evans*, 85 AD3d 1565, 1565 [internal quotation marks omitted]). Based on this record, we conclude that there are issues of fact whether a partnership existed and, if so, whether the partnership agreement was breached. Given those issues of fact, plaintiffs likewise have a viable cause of action for an accounting (*see generally Bouley v Bouley*, 19 AD3d 1049, 1051).

We agree with defendant, however, that the court erred in denying that part of its motion with respect to the first cause of action, for fraud. We therefore modify the order accordingly. To prevail on a cause of action for fraud, plaintiffs must prove "a material misrepresentation of a fact, knowledge of its falsity, an intent to induce reliance, justifiable reliance by the plaintiff[s] and damages" (*Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559; *see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 488; *Lama Holding Co. v Smith Barney*, 88 NY2d 413, 421). Defendant met its initial burden of establishing its entitlement to judgment as a matter of law with respect to the cause of action for fraud, and plaintiffs failed to raise an issue of fact in opposition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered: February 8, 2013                                    Frances E. Cafarell
                                                             Clerk of the Court