J.G. Jewelry Pte. LTD v Shree Ramkrishna Exports Pvt., LTD (2022 NY Slip Op 04094)

J.G. Jewelry Pte. LTD v Shree Ramkrishna Exports Pvt., LTD

2022 NY Slip Op 04094

Decided on June 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 23, 2022

Before: Manzanet-Daniels, J.P., Webber, Gesmer, Scarpulla, Shulman, JJ. 

Index No. 651469/18 Appeal No. 16192M-02125 Case No. 2021-04792 

[*1]J.G. Jewelry Pte. LTD et al., Plaintiffs-Respondents,
v
Shree Ramkrishna Exports Pvt., LTD, et al., Defendants-Appellants, Ashish Shah, Defendant.

Hodgson Russ LLP, New York (Joshua Feinstein of counsel), for appellants.
Moses & Singer LLP, New York (Gregory Fleesler of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered on or about December 3, 2021, which denied defendants' motion for partial summary judgment dismissing plaintiffs' first and third causes of action, unanimously affirmed, with costs.
On their motion for summary judgment, defendants sought to dismiss two causes of action for breach of contract, both of which alleged that defendants had breached the parties' agreement by failing to abide by the terms of the parties' joint venture. However, defendants have failed to establish prima facie entitlement to summary judgment, as they fail to offer any support for their theory that a joint venture does not exist if, at the outset of the partnership, the parties elect to operate through a new, simultaneously formed corporation. Contrary to defendants' contention, our decision in Lombard & Co., Inc. v De La Roche (46 AD3d 393 [1st Dept 2007], lv denied 11 NY3d 782 [2008]) does not support that position. Rather, Lombard & Co. holds that a joint venture does not exist where the parties operate through a corporation "formed long before the alleged joint venture" (id. at 394; accord Bianchi v Midtown Reporting Serv., Inc., 162 AD3d 1736, 1738 [4th Dept 2018]). Defendants do not argue, however, that the relevant corporation was formed long before the alleged joint venture. The controlling issue in determining whether a joint venture exists is "whether the parties' rights as joint venturers are in conflict with the corporation's functioning," and defendants have pointed to no conflict between the joint venture and the functioning of the corporation (Richbell Info. Serv., Inc. v Jupiter Partners, 309 AD2d 288, 299-300 [1st Dept 2003]; see Hochberg v Manhattan Pediatric Dental Group, P.C., 41 AD3d 202, 204 [1st Dept 2007]).
In light of our determination, the parties' remaining arguments, which concern procedural defects and remedying defects in the complaint, have been rendered academic. M-02125 — J.G. Jewelry Pte. Ltd., et al. v TJC Jewelry, Inc., et al. Motion for judicial notice of complaints filed in federal actions, denied.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2022